IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT J. PEEL, d/b/a XENON INTERNATIONAL SCHOOL OF HAIR DESIGN,<br><br>Plaintiff,<br><br>vs.<br><br>ST. LOUIS COUNTY REALTY COMPANY, et al.,<br><br>Defendants. | Case No. 08-1025-JTM |

**MEMORANDUM AND ORDER**

Presently before the court is defendants' Stan Hoffman (Hoffman) and St. Louis County Realty Company (St. Louis Realty) motion to dismiss plaintiff's complaint for lack of personal jurisdiction or, alternatively, to transfer the case for improper venue (Dkt. No. 6). For the reasons stated below, the court grants the motion to dismiss the complaint. The court denies as moot the motion seeking transfer.

Defendants filed their motion to dismiss on April 21, 2008 (Dkt. No. 6). Plaintiff, however, failed to respond, despite four granted requests for extension of time. When the court granted plaintiff's fourth motion for extension of time to file a response, it noted that there would be no further extensions granted, absent exceptional circumstance (Dkt. No. 17). Accordingly, plaintiff had until July 10, 2008, to file a response, yet failed to do so. As such, pursuant to Local Rule 7.4, defendants' motion is granted as an uncontested motion. Although the local rule

indicates that further elaboration on the court's decision need not necessarily be provided, some brief explanation is appropriate.

In support of its motion to dismiss, Defendants presented evidence that the events giving rise to the case all occurred in Missouri. Plaintiff traveled to Missouri to visit and eventually negotiate to lease a commercial property located in a St. Louis suburb. A St. Louis-based realtor represented plaintiff in these lease negotiations. Defendants did not represent Plaintiff in the lease negotiations. Defendant Hoffman is a real estate agent licensed in Missouri and Defendant St. Louis County Realty is a brokerage firm located in Missouri.

"Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship – 1995A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). Plaintiff has failed to establish this court's jurisdiction over Hoffman and St. Louis Realty. Plaintiff also has failed to make a *prima facie* showing that the Kansas long-arm statute, K.S.A. 60-308(b), applies in this case. As such, this court lacks jurisdiction to adjudicate the matter.

IT IS ACCORDINGLY ORDERED this 28th day of July, 2008, that motion to dismiss plaintiff's complaint for lack of jurisdiction (Dkt. No. 6) is granted, and the alternative motion to transfer is denied as moot.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE